NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME LORENZO COVARRUBIAS-
MENDOZA, AKA Jaime Loreco Mendoza,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-70581

Agency No. A076-254-784

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jaime Lorenzo Covarrubias-Mendoza, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

factual determinations, and we review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Covarrubias-Mendoza failed to meet his burden of establishing by clear and convincing evidence that he entered the United States lawfully, where his primary evidence regarding the time, place, and manner of his entry was his testimony, which was inconsistent with his statement recorded on the Form I-213, Record of Deportable/Inadmissible Alien ("I-213"). *See* 8 U.S.C. §§ 1229a(c)(2), 1361; 8 C.F.R. § 1240.8(c). Covarrubias-Mendoza now challenges the validity of the I-213, but we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

The record does not support Covarrubias-Mendoza's contentions that the agency ignored evidence or argument, failed to provide sufficient reasoning, or applied the wrong legal standards. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and internal quotation marks omitted)).

We lack jurisdiction to consider Covarrubias-Mendoza's unexhausted contention that the IJ was not neutral. *See Tijani*, 628 F.3d at 1080.

17-70581

Accordingly, the agency did not err or violate due process in concluding Covarrubias-Mendoza was removable as charged. *See* 8 U.S.C. § 1182(a)(6)(A)(i); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Covarrubias-Mendoza has not raised, and therefore he has waived, any challenge to the agency's denial of cancellation of removal. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**